█ In the Matter of the Claim of Gilbert MacLain, Respondent, against Maurice Eisenberg et al., Doing Business as Sunray Service Station et al., Appellants, and State Insurance Fund, Respondent. Workmen's Compensation Board, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The Public Service Mutual Insurance Company on May 5, 1955 issued a compensation policy covering employer's gas station located at 2895 Jerome Avenue, New York City, and was indisputably on the risk on December 12, 1955 when claimant was injured. Because the State Insurance Fund had an earlier policy covering the employer at 4729 Third Avenue, which was cancelled September 15, 1955 at the assured's request, Public Service seeks to require the State Fund to assume part of the risk because it contends the cancellation of September 15 was ineffective and coverage continued. The Workmen's Compensation Board has ruled against the appellant. Although the State Fund may not cancel a policy except for nonpayment of premiums (Workmen's Compensation Law, § 54, subd. 5), it may cancel on request of the assured on being furnished " with proof

satisfactory to the fund" that the assured has discontinued, or transferred his business and has ceased to employ workmen; or where operations at a specifically insured location have been completed or discontinued (§ 94, subd. b). The record shows that the employer requested cancellation of his policy with the State Fund because he stated he had sold and discontinued his business on May 4, 1955. Actually he sold his business at the location covered by the State Fund (4729 Third Avenue) and bought another business at 2895 Jerome Avenue covered by appellant. This request was sufficient to give "proof satisfactory" to the Fund of a discontinuance of the business to entitled it to cancel at the assured's request. The Fund is not required to have an independent investigation of the facts made if the request seems regular enough on its face to satisfy it. In any event, we would think the actual transaction as it occurred, the sale of one place, covered by the Fund, and the buying of an entirely new location by the employer would fall sufficiently within the intent of subdivision b of section 94 to permit cancellation. The formal requirements for cancellation have been sufficiently met. Decision and award unanimously affirmed, with costs to the State Fund against appellant. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.